UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the Matter of the Commitment of Guardianship
and Custody of

SHANIYA HEAVEN MARCEL; DANIEL
MARCEL, Jr., a/k/a DANIEL MARCEL; RUTH
ONALISHA-RODRIGUEZ MARCEL, a/k/a
BABY GIRL PULLIN and RUTH MARCEL,

**MEMORANSUM AND ORDER**
12-CV-2384 (RRM)(VVP)

A Child under the Age of Eighteen Years.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On May 11, 2012, Daniel Marcel (hereinafter "Marcel") filed a Notice of Removal in three petitions originally brought in New York Family Court, Kings County. Marcel filed a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which is granted for the limited purpose of this Order. The Court finds that it lacks subject matter jurisdiction over this state court action. Accordingly, for the reasons that follow, the action is hereby remanded to state court.

## BACKGROUND

Marcel seeks to remove from the Family Court of the State of New York, Kings County, three petitions seeking relief pursuant to Section 384-b of the Social Services Law of the State of New York. In each, the New York Foundling Hospital petitioned for the permanent termination of the parents' custody and guardianship of their minor child. Each Petition alleges that the named child "is a permanently neglected child within the meaning of Section 384-b of the Social Services Law by virtue of the Respondent parents' failure to plan for her [his] future and failure to maintain regular, substantial and continuous contact with said child although physically and financially able to do so." (Proceeding in Docket # AS-506/12 (ECF, Entry #1, p. 7); Proceeding in Docket # AS-507/12 (ECF, Entry #1, p. 32); Proceeding in Docket # AS-507/12 (ECF, Entry

#1, p. 43).) Each Petition also alleges that "The Respondent father is a registered sex offender with the Designation of 'Sexually Violent Offender' with the conviction of first degree sexual abuse." (ECF, Entry #1, pp. 8, 34, 45.)

From the attached documents, it appears that, on January 23, 2012, the children's mother, Vanessa Shante Pullin, signed written applications to surrender Shaniya Heaven Marcel and Daniel Marcel, Jr. to adoption by Cheryl Ashby. (ECF, Entry #1, pp. 17, 21, 24, 28). No further details of more recent proceedings are included. The Petitions are dated October 31, 2007, February 7, 2011, and February 13, 2012.

The basis for removal is not clearly articulated. The Notice of Removal cites the Federal Adoption Assistance and Child Welfare Act of 1980; the Adoption and Safe Families Act of 1997; various provisions of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985 § 1986, and § 1988; and 28 U.S.C. § 2254, the provision for a writ of habeas corpus for an individual under state custody. All of the parties appear to be residents of New York State. Marcel states that he "would like to pursue his claim in Federal Court, that the defendants unlawfully intrude in the Federal Right of Privacy of a parent in the Privacy Protected Zone of Parenting and fundamental liberties of family life . . . furthermore, without giving notice . . . to the plaintiff." (Notice at 3.) He makes several other claims related to the parent-child relationship and the placement and upbringing of his children and to his own "rights to individual self-determination." (Id. at 4.)

## DISCUSSION

Title 28, Sections 1441 - 1453 of the United States Code set forth the criteria and procedures for removing a civil action from state court to federal court. The Notice of Removal must be filed within 30 days after the initial pleading setting forth the claim for relief. 28 U.S.C.

§ 1446(b). The defendant(s) seeking removal must also file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), or where the parties have diversity of citizenship and none of the parties in interest is a citizen of the state in which the action was brought, 28 U.S.C. § 1441(b)(2). Thus, a claim may only be removed to federal court if it could have been filed in federal court originally. Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

Marcel's Notice of Removal fails to meet these requirements. The Notice fails to establish the grounds for removal, does not include complete copies of the proceedings in the state cases, and is untimely. The Petitions seeking termination of the parents' custody and guardianship were each filed more than 30 days prior to the Notice of Removal being filed in this Court. The status of those cases is unclear, as Marcel has not indicated what transpired after the children's mother signed surrender documents in two of the cases. Moreover, removal is improper because this Court lacks subject matter jurisdiction over the action. Removal cannot be premised on diversity jurisdiction, pursuant to 28 U.S.C. § 1441(b), as all of the parties are domiciled in New York. Nor can Marcel invoke federal question jurisdiction, as the original Family Court proceedings did not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Marcel's alleged Due Process claim cannot convert these Family Court proceedings into a federal action. A defendant's assertion of constitutional claims in response to state court proceedings is insufficient to invoke federal courts' jurisdiction, where original jurisdiction was lacking. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (holding that a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court). "A state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court. . . . Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court judges." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (citations omitted).

As the state court actions were improperly removed and because this Court does not have subject matter jurisdiction over the removed actions, the above-captioned actions are hereby remanded to the appropriate state court.

## CONCLUSION

For all of the reasons set forth above, the Court finds that removal of these actions is improper. The Clerk of the Court is respectfully directed to remand the cases back to the Kings County Family Court. The Clerk is further directed to send a certified copy of this Order to the Clerk of the New York Family Court, Kings County, to send to plaintiff by overnight mail a copy of this Order, and to close the case in this Court.

A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore* v. *New York State Div. of Parole,* 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28

U.S.C. §1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   May 23, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge